IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE DIET DRUGS (PHENTERMINE/ FENFLURAMINE/DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION : | MDL DOCKET NO. 1203 |
| EDDIE TUCKER, JR. : | CIVIL ACTION |
| v. : | |
| WYETH, f/k/a AMERICAN HOME PRODUCTS, et al. : | NO. 03-20082 |

**MEMORANDUM IN SUPPORT OF SEPARATE PRETRIAL ORDER NO. 8304**

Bartle, C.J.                                                                 September 29, 2009

In or around April of 2002, plaintiff Eddie Tucker, Jr. filed this lawsuit in the Northern District of Mississippi alleging loss of consortium as a result of his wife's ingestion of diet drugs. His wife, Hazel Tucker, filed suit separately in Mississippi state court for her alleged injuries. She is not a party to this action. The Judicial Panel on Multidistrict Litigation transferred this matter to this court as part of the Diet Drug Multidistrict Litigation, that is MDL 1203, for coordinated or consolidated pretrial proceedings. See 28 U.S.C. § 1407. The law of Mississippi, that is the transferor jurisdiction, governs this case. 17 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 112.07 (3d ed. 1997 & Supp. 2007).

Now pending before the court is the motion of Wyeth for summary judgment on medical causation pursuant to Fed. R. Civ. P.

56(c). Co-defendants, S. Jay McDuffie, M.D. and Curren J. Sanders, Jr., M.D., join in the motion of Wyeth for summary judgment. The plaintiff did not file a response to Wyeth's motion.

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment should be "rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is material when it "might affect the outcome of the suit under the governing law." Id. After reviewing the evidence, the court makes all reasonable inferences from the evidence in the light most favorable to the non-movant. In re Flat Glass Antitrust Litig., 385 F.3d 350, 357 (3d Cir. 2004).

Where the nonmoving party bears the "burden of persuasion at trial, the moving party may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry that burden." Wetzel v. Tucker, 139 F.3d 380, 383 (3d Cir. 1998). A genuine issue of material fact is created if the nonmoving party "provides sufficient evidence

to allow a reasonable jury to find for him at trial." Id. The evidence submitted and relied upon must be admissible at trial. Id.

We are required to view the evidence submitted on a motion for summary judgment in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255. The plaintiff has neither responded nor produced evidence in opposition to the motion of Wyeth for summary judgment. In his complaint, the plaintiff alleges he has suffered loss of consortium resulting from his wife's ingestion of diet drugs. This is a derivative claim in that he "stand[s] in the shoes of the injured third-party, subject to all defenses that would have been available against the injured person." Owens Corning v. R.J. Reynolds Tobacco Co., 868 So.2d 331, 342 (Miss. 2004) (citing Choctaw, Inc. v. Wichner, 521 So.2d 878 (Miss. 1988)). Just as every defense that is available against the injured person is available to the consortium plaintiff, every element of the injured person's personal injury claim must be proved to support a loss of consortium claim. Thus, the plaintiff must prove that his wife's ingestion of diet drugs caused her personal injury. See McCoy v. Colonial Baking Co., Inc., 572 So.2d 850 (Miss. 1990).

The deadline for plaintiff's submission of case-specific experts, including medical experts to testify as to the causal link between Hazel Tucker's ingestion of diet drugs and

her personal injuries, was July 1, 2003. According to Wyeth, no experts have been designated. Despite an opportunity to come forward with an expert designation, the plaintiff has not done so. Without a medical expert to opine as to the cause of Hazel Tucker's injuries, the plaintiff cannot meet his burden at trial of proving his loss of consortium claim.

Accordingly, we will enter an order granting the motion of Wyeth for summary judgment.